**Mario PEREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73208.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008 *.

Filed Feb. 21, 2008.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Cindy S. Ferrier, Esq., Shelley R. Goad, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Mario Perez appeals from a Board of Immigration Appeals ("BIA") final order of removal. Perez argues that he is an "admitted" alien and therefore the BIA unlawfully sustained the charges of inadmissibility under 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and 1182(a)(6)(A)(i).

To receive an adjustment from temporary resident status to lawful permanent resident, Perez had to establish that he was an admittible alien. *See* 8 U.S.C § 1255a(b)(1)(C)(i). Because he suffered a

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

felony conviction as well as three misdemeanor convictions in California, his temporary status was properly terminated. *See* 8 U.S.C. § 1255a(b)(2)(B)(ii); 8 C.F.R. § 245a.2(u)(1)(iii). The regulations provide that the termination of an alien's temporary resident status acts "to return such alien to the unlawful status held prior to the adjustment, and render him or her amenable to exclusion or deportation proceedings." 8 C.F.R. § 245a.2(u)(4). As such, the BIA properly sustained the Respondent's charges of inadmissibility under § 1182. *Cf. Perez–Enriquez v. Gonzales*, 463 F.3d 1007, 1010–12 (9th Cir.2006) (en banc) (concluding that the admissibility of an alien under the Special Agricultural Worker program is determined on the date of admission for lawful temporary resident status, in part, because that provision required the Attorney General to adjust the status of a lawful temporary resident to that of a lawful permanent resident on a fixed period without regard to the alien's admissibility).

Perez's due process arguments lack merit as he had no well-settled expectations that he would be placed in the equivalent of pre-Immigration Reform and Immigrant Responsibility Act deportation proceedings. Perez had notice that should his temporary resident status be revoked, he would revert back to his previous unlawful status and be amendable to either *exclusion* or *deportation* proceedings. Although "exclusion" and "deportation" have been combined into "removal" proceedings, the basic distinction between exclusion and deportation remains. By virtue of his disqualifying conduct, he was properly returned to his prior unlawful status and subject to exclusion.

**PETITION DENIED.**